LAKE VIEW SCHOOL DISTRICT NO. 25 of Phillips County, Arkansas, *et al.* *v.* Governor Mike HUCKABEE, *et al.*

01-836                                              194 S.W.3d 193

Supreme Court of Arkansas

Opinion delivered September 30, 2004

[Rehearing denied November 4, 2004.*]

---

* GLAZE, J., would grant rehearing. IMBER, J., not participating.

Don Trimble , E. Dion Wilson, and Roy C. Lewellen, for appellants.

Mike Beebe, Att'y Gen., by: Timothy G. Gauger, Sr. Ass't Att'y Gen., for appellees.

PER CURIAM. Now pending before this court is a Request for a Ruling on Pending Motion for Attorney Fees Before Mandate Issues. The Request was filed by attorneys Don Trimble and E. Dion Wilson, who represented the Lake View School District. The Request was filed on July 19, 2004, and related to their motions for attorney fees filed by the lawyers on April 22, 2004, for legal work and costs for work done on behalf of the Lake View class after January 1, 2004. Similarly, on September 8, 2004, attorney Roy C. Lewellen filed a motion for attorney's fees and costs for legal work done on behalf of the Lake View class after January 1, 2004. We deny the motions for additional fees and costs.

On November 21, 2002, this court handed down its decision in this case and awarded $3,397,035 in attorneys fees and costs to counsel for the Lake View class. *See Lake View Sch. Dist. No. 25 v. Huckabee,* 351 Ark. 31, 91 S.W.3d 472 (2002). We did so based on our previous opinion that the State of Arkansas had waived a sovereign-immunity defense by its actions. *See Lake View Sch. Dist. No. 25 v. Huckabee,* 340 Ark. 481, 10 S.W.3d 892 (2000). We said:

> . . . We conclude that when the State of Arkansas signed off in two published notices to the class members advocating that attorneys' fees be paid and continued to push for payment of attorneys' fees even after the chancery court refused to sign the Agreed Order, it waived its sovereign-immunity defense to payment of those fees.
> . . .

340 Ark. at 496, 10 S.W.3d. at 901.

On January 1, 2004, the mandate issued in this case stating that "the parties each bear their own costs on appeal." On January 22, 2004, we recalled the mandate. On March 11, 2004, we denied the motion of attorneys Roy C. Lewellen and Don Trimble for additional costs and attorney's fees incurred during the following time frames:

- Expert witness costs incurred during the compliance trial in 2000;

- Additional attorney's fees for work done between November 1, 2000, and December 31, 2003; and

- Additional attorney's fees and costs for work done between January 1, 2004, and January 22, 2004.

We also refused to "clarify" what fees and costs might be forthcoming to counsel after January 22, 2004, as requested by counsel. The second mandate in this case issued on September 9, 2004.

Attorneys Lewellen and Trimble now return to this court joined by attorney E. Dion Wilson and ask for fees and costs incurred after January 1, 2004. This court has already answered the request in part by denying Lewellen and Trimble's previous motion on March 11, 2004. The reasoning is obvious. What occurred after January 1, 2004, was a separate matter, though the Supreme Court docket number remained the same. We cannot say that the State of Arkansas waived its sovereign-immunity defense with respect to any claims for fees and costs incurred post-January 1, 2004. Accordingly, we deny each attorney's request.

Special Justice CAROL DALBY joins.

GLAZE, J., dissents.

IMBER, J., not participating.

TOM GLAZE, Justice, dissenting. Once again, I write in this case to point to yet another inconsistent stance this court has taken when addressing issues in this important and worrisome case. For others, see Lake View School Dist. No. 25 of Phillips County v. Huckabee (Glaze, J., dissenting), delivered September 9, 2004 (where conflicting positions were taken by the majority in its various opinions and per curiams to reach the conclusion that it must release its jurisdiction of the case). Now, this court takes an inconsistent position regarding the award of attorneys' fees.

Early in this litigation, the State claimed that the sovereign-immunity clause, Ark. Const. art. 5, § 20, barred Lake View attorneys any attorneys' fees. This court rejected the State's argument and held the State could and did waive its sovereign-immunity defense.[1] *See Lake View School Dist. No. 25 v. Huckabee,* 340 Ark. 481, 10 S.W.3d 892 (2000) (Glaze, J., dissenting), wherein I set out my initial doubts that Lake View could establish entitlement to attorney's fees in this case.[2] After holding the State had waived its sovereign-immunity defense in this case, our court remanded the case for the trial court to determine reasonable attorneys' fees.

On remand, the trial court awarded attorneys' fees to Lake View counsel in the amount of $9,338,035, and, on November 21, 2002, our court, in addition to holding the current school-funding system to be unconstitutional, reduced the trial court's fees to the Lake View attorneys to $3,088, 035, and Lake View's costs to $309,000. I concurred with this court's attorneys' fees award *only* because this court found the State had waived its sovereign immunity in this case.[3] In its November 21, 2002, opinion, the majority court stayed the issuance of its mandate in this case until January 1, 2004. The mandate was subsequently dated and issued on January 1, 2004. However, on January 7, 2004, Lake View's attorneys filed a motion alleging the State had failed to comply with the court's November 21, 2002, opinion. This court then "directed the parties in this case to file responses and simultaneous briefs by January 15, 2004." On January 22, 2004, our court, by a per curiam opinion, recalled its mandate issued on January 1, 2004, and *reestablished jurisdiction over this case.* The court appointed two masters to advise it on what had been done regarding the parties'

---

[1] The court held the State waived its defense when the State signed off in two published notices to the class members advocating that attorneys' fees, even after the chancery court refused to sign an agreed order; this court stated it was hard pressed to reconcile public notices to class members supporting fees.

[2] Lake View had failed to prove the required class action or a common fund in order to qualify for payment of attorneys' fees, nor did Lake View cite a statute that authorized attorney's fees in this type of case.

[3] Attorneys' fees are authorized in only two situations: (1) when fees are provided by statute (commonly labeled the "American Rule"), and (2) in illegal-exaction cases where a class action is sought and a common fund is established, which Lake View's counsel failed to do.

compliance with this court's November 21, 2002, order. In this court's February 3, 2004, order, the masters were given the following authority:

> The Masters, in addition, are authorized to examine and evaluate any other issue they deem relevant to compliance with this court's November 21, 2002 opinion and to report to this court accordingly.
>
> *The Masters shall immediately hold a prehearing conference with the named parties and intervenors and their attorneys. With respect to Lake View School District No. 25, both of the [school's] attorneys who participated in oral argument on January 22, 2004, may appear.*[4] The purpose of the conference will be to delineate the issues and the procedure to be followed with respect to gathering the necessary documents and materials and the taking of additional testimony, if necessary. The Masters shall further decide whether additional briefing by the parties and a hearing for attorneys to be heard on the issues listed above would prove beneficial.

(Emphasis added.)

Clearly, our court endowed the masters with broad authority to order all parties and their counsel to file responses and to be present at oral arguments and hearings when testimony and other evidence would be heard. Also, after the masters filed their report, the parties were invited to file any objections they might have regarding the report. It was this testimony, evidence, and objections that the masters utilized to prepare their report and permitted our court to issue its June 4, 2004, supplemental and final opinion concerning the merits of this case, as well as the attorneys' fee issue. Although the Lake View attorneys had continued their requests for additional fees for their time and work conducted after January 1, 2004, our court's supplemental opinion failed to make any mention of attorneys' fees.

By the court's per curiam today, the majority court now summarily concludes that it could no longer say the State waived its sovereign-immunity defense with respect to any claims for attorneys' fees and costs incurred after January 1, 2004. The court

---

[4] A question arose as to which attorneys were representing Lake View, so this court made it clear that *both* attorneys could participate.

simply ignores its earlier ruling in this case that the State *had waived* its sovereign-immunity defense and had remanded the case for a determination of reasonable attorneys' fees, which the trial court awarded, and our court subsequently reduced. Nowhere in the record do I find Lake View's attorneys ever abandoned their attorneys' fee request, nor has the State ever raised this attorneys' fee issue in order to argue that its sovereign-immunity defense should suddenly be available to the State so it could contend in this case that Lake View was no longer entitled to attorneys' fees for the period beginning on January 1, 2004 (when our court reestablished jurisdiction in this case), and ending on June 4, 2004 (when the court entered its supplemental and final opinion on the merits).

The majority court suggests that the period between January 1, 2004, to June 4, 2004, is a separate matter, which somehow automatically restored the sovereign-immunity defense to the State to fend off Lake View's attorneys' fee requests. However, the court points to no facts or law to support such a suggestion. Moreover, once this court ruled early in this case that Lake View was entitled to reasonable fees in this case, the State made no further objections to Lake View's request for fees, nor does it cite any facts or law to support this court's decision that the school district could obtain fees for time and work during the first part of a case, but that such fees could be denied for work performed in a later segment of the same case. This case is one case, and throughout its litigation, it has borne one case number — 01-836.

As mentioned above, early in this litigation between Lake View and the State, I offered the opinion that Lake View had not established rights to attorneys' fees, but I joined the majority court's award of attorneys' fees to Lake View's counsel based on this court's decision that the State had waived its sovereign-immunity defense. Nothing has changed to strip Lake View's entitlement to reasonable fees for its continued work and time in this case. While this court may harbor the belief that Lake View's attorneys have been awarded enough in fees already, that is no reason to abruptly change the rules of the game at half-time in an attempt to obtain a different result.

Because this court is wrong — so very wrong — in denying Lake View's attorneys' fees, I respectfully dissent.